UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
MEIER MARKOWITS individually and
on behalf of all others similarly situated

                              Plaintiff,

      -against-

RETRIEVAL MASTERS CREDITORS BUREAU INC.

                              Defendant.

===================================

## CLASS ACTION COMPLAINT

### *Introduction*

      1)     Plaintiff Meier Markowits files this Complaint seeking redress for the illegal practices of Retrieval Masters Creditors Bureau Inc., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

      2)     Plaintiff is a citizen of the State of New York who resides within this District.

      3)     Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

      4)     The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5) Upon information and belief, Defendant's principal place of business is located within Elmsford, New York.

6) Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7) Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8) This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### Allegations Particular to Meier Markowits

10) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11) On or about November 15, 2013 and December 26, 2013, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

12) Said letters stated in pertinent part as follows: "A service fee of $4.95 may apply."

13) The notification and collection of the $4.95 service fee is unlawful.

See e. g. Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a

collection letter including the language "You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

14) Defendant's transaction fee demand is in violation of 15 U.S.C. §§ 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

### *CLASS ALLEGATIONS*

15) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16) The identities of all class members are readily ascertainable from the records of Retrieval Masters Creditors Bureau Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

17) Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Retrieval Masters Creditors Bureau Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

18) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

19) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

20) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

21) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

22) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

23) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24) Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

25) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

26) Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty five (25) as if set forth fully in this cause of action.

27) This cause of action is brought on behalf of Plaintiff and the members of a class.

28) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about November 15, 2013 and December 26, 2013 sent within one year prior to the date of the within complaint (b) the collection letters were sent to a consumer seeking payment of a consumer debt; and (c) the collection letters were not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692f(1) and 1692e(2) for making a false representation that it was entitled to receive compensation for payment by credit card.

29) Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30) A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31) If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32) Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33) The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34) The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

35) As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
September 29, 2014

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace_____
David Palace esq. (DP 3855)



**RMCB COLLECTION AGENCY**

**RETRIEVAL-MASTERS CREDITORS BUREAU, INC.**
4 Westchester Plaza, Suite 110
Elmsford, NY 10523

004898 0101

01 LAM A17 154 0744755

MEIER MARKOWITS
1405 56TH ST
BROOKLYN, NY 11219-4618

Pin Number:   53682624319
1-800-365-3638

November 15, 2013

Dear Meier Markowits:

We have been authorized to contact you regarding your past due account with our client, **Laboratory Corporation of America**, for laboratory tests ordered by your physician.  You may have been contacted by a previous collection agency, however, their records indicate that your payment has not been received for the following accounts

| Date of Service | Account Number | Amount Due |
| --- | --- | --- |
| 12/14/2010 | LC3 0348C3421220 | $298.00 |
| 12/14/2010 | LC3 034842536620 | $257.00 |

**Your total balance due is $555.00.**

See the reverse side of this letter for important information about your rights.  If you do not respond, you will be subject to additional collection efforts which may include reporting your accounts to a national credit bureau.



1794-AMCA-133951-61349686-P; 229139-1-363; 33866551-1; 1

653414D (PC2)

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.    Detach and return this portion with payment using enclosed envelope.

**Amount Due:        $555.00**

Pay by mail or call us at 1-800-365-3638.
☐ VISA      ☐ MASTER CARD

Card #: 

| You Owe: | **Laboratory Corporation of America** |
| --- | --- |
| Charge Date: | SEE ABOVE |
| Account Number: | MCD 0744755A17 |
| Pin Number: | 53682624319 |
| Name: | Meier Markowits |
| Street Address: | 1405 56th St |
| City, State Zip: | Brooklyn, NY 11219-4618 |

Exp. Date: _____   Amount _____
Signature: _____
(A service fee of $4.95 may apply.)
Client Code: A17      Account: 0744755

LAM A17 040

RMCB
PO BOX 1235
ELMSFORD, NY 10523-0935

A17555000744755++++++++0

"This is an attempt to collect a debt. Any information obtained will be used for that purpose."
This communication is from a debt collector.

New York City Department of Consumer Affairs License Number 0886914.

State of North Carolina Permit #2087.

▲ Detach along this edge ▲
and return the bottom portion with your check or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.

# retrieval masters creditors bureau, inc     COLLECTION AGENCY

**4 Westchester Plaza Suite 110, Elmsford, NY 10523**



002646 0101

02 L2M A17 154 0744755

MEIER MARKOWITS
1405 56TH ST
BROOKLYN, NY 11219-4618

Pin Number:   53682624319
1-800-365-3638

December 26, 2013

Dear Meier Markowits:

In previous correspondence, we informed you of your obligation to pay the **$555.00** you owe to our client for the following charges:

| Date of Service | Account Number | Amount Due |
|---|---|---|
| 12/14/2010 | LC3 0348C3421220 | $298.00 |
| 12/14/2010 | LC3 034842536620 | $257.00 |

The amount of money involved is **$555.00**. If you have insurance, we will not accept your claim form. It is your responsibility to make full payment. Any insurance claim is your responsibility to negotiate with your carrier. Mail your payment to us with the bottom of this letter.

1794-AMCA-135169-63138796-P; 231008-1-360; 34001445-1; 1

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.     Detach and return this portion with payment using enclosed envelope.

**Amount Due:     $555.00**

| You Owe: | **Laboratory Corporation of America** |
|---|---|
| Charge Date: | SEE ABOVE |
| Account Number: | MCD 0744755A17 |
| Pin Number: | 53682624319 |
| Name: | Meier Markowits |
| Street Address: | 1405 56th St |
| City, State Zip: | Brooklyn, NY 11219-4618 |

Pay by mail or call us at 1-800-365-3638.
☐ VISA    ☐ MASTER CARD

Card #:
Exp. Date: _____   Amount _____
Signature: _____
(A service fee of $4.95 may apply.)
Client Code: A17      Account: 0744755

L2M A17 040

RMCB
PO BOX 1235
ELMSFORD, NY 10523-0935

A17555000744755++++++++0

CREDIT AT RISK

The disclosures below are required by state or federal law. This is not intended to be a complete statement of all rights consumers may have under state and federal law.

"This is an attempt to collect a debt. Any information obtained will be used for that purpose." This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

For California: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest, or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney, or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit score may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

State of North Carolina Permit #2087.

New York City Department of Consumer Affairs License Number 0886914

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit score may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

For Massachusetts:          NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

▲ Detach along this edge ▲
and return the bottom portion with your check or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.

For Colorado:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking other action authorized by law to collect the debt.